UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cr-60161-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY BROWN,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Timothy Brown's ("Defendant") Motion for Compassionate Release, ECF No. [40] ("Motion"), filed on April 21, 2020. The Government filed its Response in Opposition, ECF No. [43] ("Response"), on April 30, 2020, and Defendant filed a Supplemental Motion for Modification of Sentence for Extraordinary and Compelling Reasons on May 1, 2020, ECF No. [44] ("Supplemental Motion"), and the Government submitted its Supplemental Response in Opposition on May 12, 2020, ECF No. [47] ("Supplemental Response"). Finally, on May 19, 2020, Defendant filed his Reply to the Government's Supplemental Response, ECF No. [48] ("Reply"). The Court has carefully reviewed the Motion and Supplemental Motion, all opposing and supporting submissions, all exhibits, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion and Supplemental Motion are both denied.

### I. BACKGROUND

On August 18, 2014, Defendant entered into a guilty plea for one count of conspiring to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846. ECF No. [24]. On November 14, 2014, Defendant was sentenced to a term of imprisonment of 151 months, followed

by three years of supervised release. ECF No. [29]. On October 25, 2017, this Court granted the Government's Rule 35 motion and reduced Defendant's sentence to a total of 113 months' imprisonment. ECF No. [39]. Defendant is currently housed at Forrest City Low in Forrest City, Arkansas, and is scheduled to be released from custody in July 2022.

Defendant has now filed the instant Motion seeking compassionate release due to the ongoing COVID-19 pandemic and the outbreak of infections at Forrest City Low, arguing that his underlying medical conditions — namely, Type 2 diabetes and high blood pressure — put him at an increased risk of contracting the virus. He further explains that his exemplary disciplinary record while incarcerated and his enrollment and participation in numerous rehabilitative courses and programs offered by the BOP justify his immediate release. As such, Defendant requests that this Court modify his sentence to a term of imprisonment for time served and, as a condition of supervised release, a period of home confinement.[1] The Government opposes Defendant's request for compassionate release due to his failure to exhaust his administrative remedies, the lack of extraordinary and compelling circumstances, and because Defendant's lengthy criminal history indicates that he poses a threat to the safety of the community.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread across the world and have impacted every person's life. The United States is currently reporting more confirmed cases of COVID-19 and resulting deaths than any other country, with more than 1,500,000 confirmed cases and over 91,500 reported deaths as of May 20, 2020.[2] The COVID-19

---

[1] In his original Motion, Defendant requested to be placed on home confinement for the remainder of his sentence. *See* ECF No. [40] at 1 & 3. However, Defendant's Supplemental Motion and Reply seek a sentence reduction to time served with a term of supervised release. ECF No. [44] at 1 n.1 & 33; ECF No. [48] at 28.

[2] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated May 20, 2020).

pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice public health precautions that are otherwise available to the general public, such as social distancing practices.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of penal institutions and into home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. The Attorney General has made the express finding that extant emergency conditions are materially affecting BOP functioning, and directs the BOP to immediately maximize transfers to home confinement for all eligible inmates at the specifically named facilities and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors, as established by the Centers for Disease Control and Prevention ("CDC"), to determine their suitability for home confinement, while also emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to avoid over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. Finally, the Memorandum stresses

the need for careful and individualized determinations regarding the propriety of releasing any given inmate to home confinement and discourages indiscriminate releases. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

> or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .
> > . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020). Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate

release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Defendant's Motion requests that he be immediately released and that his sentence be modified to time served based on his underlying medical conditions, which he contends place him within the most at-risk demographic for contracting the severe and potentially fatal case of COVID-19. The Government opposes Defendant's Motion, arguing that the Court lacks the authority to modify his sentence to home confinement, that the BOP has modified its operating procedures in order to effectively respond to the COVID-19 pandemic, and that the BOP has the capacity to properly address any outbreaks among inmates housed in federal facilities. Likewise, the Government maintains that Defendant's failure to exhaust his administrative remedies, the absence of any extraordinary or compelling circumstances, and the danger he poses to the community all warrant denial of his request.

As an initial matter, Defendant has failed to exhaust his administrative remedies with the BOP. The Government notes that Defendant submitted a request for release on home confinement to the BOP, which the BOP denied on April 21, 2020. ECF No. [47-4]. Defendant's Supplemental Motion and his Reply indicate that Defendant submitted a formal request for compassionate release on April 29, 2020, and Defendant's counsel e-mailed a follow-up letter formally requesting compassionate release on the same day. ECF No. [44] at 2; ECF No. [48] at 3. The Government's Supplemental Response, however, maintains that, "[a]ccording to the BOP, the defendant never

made a formal request for compassionate release . . . ." ECF No. [47] at 6. Even if Defendant did in fact submit a request for compassionate release with the BOP, thirty days have not yet passed since the date he contends he filed this request on April 29, 2020. This failure to exhaust the BOP remedies alone is a sufficient basis to deny the requested relief. Moreover, even if Defendant had satisfied the exhaustion requirement, as explained below, he has failed to demonstrate that the applicable § 3553(a) factors weigh in favor of a sentence modification or that extraordinary and compelling circumstances exist.

The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At the time of sentencing, the Court concluded that a term of imprisonment of 113 months was appropriate in this case, in light of these § 3553(a) considerations. The Court commends Defendant for his significant efforts participating in the rehabilitative programs and classes offered by the BOP while he has been in custody. Nevertheless, aside from his stated medical conditions, which existed and were considered at the time of his sentencing,[3] Defendant has not provided any additional bases to persuade the Court that the sentence imposed should be modified based upon the factors set forth in § 3553(a). *See United States v. Post*, No. 15-cr-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (noting "that much of the information that [the defendant] provide[d] in his Motion was before the Court at the time of his sentencing," and the Court imposed an appropriate sentence considering this information); *United States v. Rodriguez-Orejuela*, No.

---

[3] *See* ECF No. [28] at 24 (Presentence Investigation Report noting that Defendant was "diagnosed with diabetes and is prescribed Metformin").

03-cr-20774, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (noting that, in weighing the sentencing factors, "the Court's analysis is virtually unchanged from thirteen years ago."). As such, the Court concludes that a modification of Defendant's sentence is unwarranted at this time.

Additionally, with regard to the "extraordinary and compelling reasons" test, Defendant explains that he is forty-four years old and that he suffers from diabetes and high blood pressure. CDC guidance indicates that individuals with the following health conditions are at a higher risk of contracting severe illness due to COVID-19: people with moderate to severe asthma, people with chronic lung disease, people with diabetes, people with serious heart conditions, people with chronic kidney disease, people with severe obesity, people with liver disease, people who are immunocompromised, people over the age of sixty five, and people who live in a nursing home or long-term care facility.[4] The Court is sympathetic to Defendant's health conditions and his concerns regarding COVID-19 outbreaks in prison facilities, and notes that both of his medical conditions — i.e., Type 2 diabetes and high blood pressure — are risk factors that are designated in the CDC's guidance. However, Defendant does not allege that his health conditions are significantly deteriorating, and "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL

---

[4] *Groups at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated May 14, 2020).

2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The "defendant does not allege any extraordinary or compelling circumstances to support compassionate release."). Thus, Defendant cannot show that extraordinary and compelling reasons exist to support his request for release.[5]

Based on the discussion above, the Court concludes that Defendant has failed to demonstrate that a sentence modification is warranted in this case and his Motion and Supplemental Motion are therefore denied.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motions, **ECF Nos. [40] & [44]**, are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 20, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Timothy Brown
63437-004
Forrest City Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 9000
Forrest City, AR 72336

---

[5] Because Defendant's Motion fails to establish any extraordinary and compelling circumstances warranting his release, the Court does not need to address the final consideration of whether Defendant poses a danger to the safety of others or to the community under to § 3142(g).